# MANDATE

E.D.N.Y.–Bklyn.
00-cv-6015
Glasser, J.

## United States Court of Appeals

FOR THE

SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty.

Present:

Dennis Jacobs,
Richard J. Sullivan,
*Circuit Judges*,
Jesse M. Furman,
*District Judge*.*

---

Frank LoCascio,

*Petitioner*,

v.                                                           19-2743

United States of America,

*Respondent*.

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion based on newly discovered evidence — namely, a 2018 declaration signed by Salvatore Gravano, who testified on behalf of the Government as a cooperating witness at Petitioner's trial.   This Court must deny leave to file a successive § 2255 motion unless, in relevant part, it "contain[s]" "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."   28 U.S.C. § 2255(h)(1).   The Court may authorize the filing of a successive § 2255 motion only if the movant has made a prima facie showing that the proposed motion satisfies the successive criteria.   28 U.S.C. § 2244(b)(3)(C); *see Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam).   "A prima facie showing is not a particularly high standard. An application need only show sufficient likelihood of satisfying the strict standards of § 2255 to

---

*   Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

'warrant a fuller exploration by the district court.'" *Bell*, 296 F.3d at 128 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

Upon due consideration, and assuming without deciding both that Gravano's declaration is true, *see Quezada v. Smith*, 624 F.3d 514, 521-22 (2d Cir. 2010); *accord In re Lampton*, 667 F.3d 585, 590 n.23 (5th Cir. 2012), and that its contents would be admissible, *see In re Barrett*, 840 F.3d 1223, 1227 (10th Cir. 2016); *United States v. MacDonald*, 641 F.3d 596, 612 (4th Cir. 2011); *see also Ferranti v. United States*, 480 F. App'x 634, 637 (2d Cir. 2012) (summary order), we conclude that Petitioner satisfies this "not . . . particularly high standard," *Bell*, 296 F.3d at 128. Accordingly, it is hereby ORDERED that the stay previously entered by this Court is TERMINATED, Petitioner's motion for leave to file a successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED to the district court.[1]  *See* 28 U.S.C. § 1631.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] Judge Sullivan dissents, believing that the Gravano declaration contains, at most, conclusory and inadmissible assertions based on previously introduced evidence, and does not support a prima facie showing that the proposed successive petition satisfies the "strict standards of § 2255." *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002); *see Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007).

2